JUDGE ROBERTSON
delivered the opinion oe the court:
The appellants, in grading and macadamizing one of the streets in Flemingsburg, having made excavations near a stone wall of the appellee which encroached on the street, he enjoined the farther progress of the work than four feet next to his wall.
On the hearing the circuit court dissolved, the injunction, and dismissed the appellee’s petition, but at the same time adjudged that no excavation should be made within four feet of the wall; and the appellants appealed from that restrictive inhibition.
The appellee relies on the alleged consent of former trustees to the erection of his wall where it now is, and on the acquiescence of the town authorities for about fourteen years, and he claims damages if his wall should be removed or made to fall by the contemplated excavation.
But the alleged contract is denied, and there is no proof of it; and even if it had been admitted or proved, it would have been unavailing for any other purpose than to entitle the appellee to some retribution.
The trustees had no power to authorize any such purpresture, or the appropriation of any portion of the street to private use or any other purpose than public enjoyment. They have an unquestionable right to keep open and improve the entire street for subserving the only purpose for which it was defined and dedicated— the free and unobstructed use of the local and general public. That right, however, should be discreetly exercised, so as to avoid all unnecessary damage to private property; and if, in the farther progress of excavation, the appellee should be subjected to improper privation or loss, the ulterior question of his right to reparation, not now litigated, might be judicially presented.
*205 But in the present aspect of the case and attitude of the parties, the inhibitory order complained of by the appellants seems to have been unauthorized. The trustees should have been left free to act on all their responsibilities without any other restriction than their own sense of duty and the laws of the land.
Wherefore, the inhibitory judgment is reversed, and the cause remanded, to stand alone on the judgment dissolving the injunction and dismissing the petition.